**UNITED STATES,**

DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

WENDELL DWAYNE O'NEAL,
126 MILLS CREEK CROSSING,
MADISON, ALABAMA 35758,

Petitioner,

Vs.

CARMEN L. MALLON, CHIEF OF STAFF, OFFICE OF INFORMATION POLICY, STE.
11058, 1425 NEW YORK AVE. N.W. WASHINGTON D.C. 20530-0001, AND OR
NELSON D. HERMILLA, CHIEF FOIA/PA, CIVIL RIGHTS DIVISION, DEPARTMENT
OF JUSTICE, RM. 311, NALC BLDG.,
WASHINGTON D.C. 20530

Respondent,

Case: 1:11-cv-00330
Assigned To : Wilkins, Robert L.
Assign. Date : 2/8/2011
Description: FOIA/Privacy Act

**F.O.I.A COMPLAINT,**

PURSUANT TO TITLE 5. USCA SECTS. 552.

NOW COMES Wendell Dwayne O'Neal, In propria persona, hereinafter petitioner, complaining against respondents Carmen L. Mallon [Mallon] and or Nelson D. Hermilla [Hermilla] for intentionally violating the federal Freedom of Information Act [FOIA] for an order directing compliance.

**I. JURISDICTION,**

1. That this honorable court has requisite jurisdiction to grant reliefs sought by petitioner pursuant to Title 5. USC Sects. 552 [FOIA].

1

Received
Mail Room

Angela D. Caesar, Clerk of Court
US District Court, District of Columbia

**II. VENUE,**

2. That all transaction of occurrences transpired at respondent's Mallon's Office of Policy Information and or Hermilla's Civil Rights Division within the U.S. Department of Justice [USDJ] located at 950 Pennsylvania Avenue N.W., Civil Rights Division, Disability Rights – NYAVE, Washington, DC. 20530.

**III. COUNT I.,**
**F.O.I.A. VIOLATION,**

3. That respondent Carmen L. Mallon [Mallon] is employed by the USDJ as Chief of Staff for the Office of Information Policy who believed a person responsible for disclosing records petitioner seeks under the FOIA.

4. That respondent Nelson D. Hermilla [Hermilla] is employed by the USDJ as Chief of Staff for the Office of Civil Rights Division believed to be a person responsible for disclosing records petitioner seeks under the FOIA.

5. That petitioner contacted the Minneapolis F.B.I. office via telephone complaining that St. Paul, Minnesota police arrested and detained him in Ramsey county jail for over nine hours resulting in release without opportunity to post bail or appear before a magistrate on 08/15/2005.

6.    That between 08/15/2005 and 08/15/2007 petitioner made multiple contacts with the Minneapolis F.B.I. at their office located at 111 Washington Ave, Minneapolis, Minnesota complaining against St. Paul police 08/15/2005 arrest and detention, including that an unknown St. Paul, Minnesota employee manufactured fraudulent public 911 dispatch records to conceal his second 911 call placed from Radisson hotel on said date.

7.    Petitioner reiterated complaint made with Minneapolis F.B.I. regarding 08/15/2005 arrest, detention, denied bail opportunity, and release without opportunity to appear before a magistrate in writing directed to respondent USDJ, Civil Rights Division, twice in 2005 and 2010 totaling four times resulting in investigation denials.

8. That an Unknown $2^{rd}$ judicial district court employee manufactured entry into criminal court records that petitioner made an arraignment appearance before judge George T. Stephen where he pled guilty to a misdemeanor trespass offense and was sentence to a $50.00 fifty dollar fine contrary to fact reported to Minneapolis F.B.I. and defendant USDJ supra in civil rights denial complaints.

9. City of St. Paul attorney presented the known fraudulent 2nd judicial district court records misrepresenting pretrial proceedings in matter of State v O'Neal, T5-05-19470, before a Minnesota U.S. district court judge towards dismissal of a civil rights complaint in

matter of <u>O'Neal</u> v <u>Y. Fang sic Vang</u>, 05-2464-DSD-SRN, pursuant to principles decided in <u>Heck</u> v <u>Humphrey</u>.

10.   Petitioner submitted a FOIA request to respondent USDJ requesting all records of complaints made to the Minneapolis F.B.I. regarding 08/15/2005 arrest and detention by St. Paul police, including aforesaid manufacturing of public 911 and court records on 08/28/2010. See, Exhibit A. 09/10/2010 PP. 1-3. Petitioner FOIA Request to Respondent USDJ, in support.

11.   That USDJ representative Randy Wilson, Asst. Dir., Logistics Mgmt. Services, sent plaintiff letter dated 09/17/2010 acknowledging receipt of 08/28/2010 FOIA request supra requiring he verify his identity on form DOJ-361 pursuant to Title 28. USC Sects. 16.41(d)(2). See, Exhibit B. 09/17/2010 PP. 1. USDJ Randy Wilson Letter, in support.

12.   Petitioner sent 09/22/2010 email and letter to defendant USDJ providing identify verification form DOJ-136 pursuant to 09/17/2010 FOIA response request. See, attached Exhibit C. 09/22/2010 PP. 1-3. Petitioner Email and Letter DOJ-136 Reply to USDJ, in support.

13.   Petitioner returned letter to address designated for respondent USDJ Chief FOIA/PA and email  to Director Mr. Eric Holder via <u>askdoj@usdoj.gov.</u> noticing believed violation of the FOIA for

4

failure to provide acknowledgment of 09/22/2010 DOJ-136 supra receipt and or records sought under the FOIA supra. See, attached Exhibit D. 11/06/2010 PP. 1-2. Petitioner Letter to Respondent USDJ Chief FOIA/PA supra, in support.

14. Petitioner sent 11/07/2010 email and letter to respondent USDJ Chief supra again complaining with regard to 08/15/2010 St. Paul, Minnesota police 911 public record fraud and corruption identifying a 2007 federal court subpoena requesting records currently sought under the FOIA. See, attached Exhibit E. PP. 1-4., in support.

15. Petitioner required the aforesaid 08/15/2005 through 08/15/2007 complaint records sought from respondents under the FOIA to present before federal judge in matter of O'Neal v LDC et al, 10-2517-JRT-JJK, to establish he never appeared in the Minnesota 2nd judicial district court on 08/15/2005 resulting in trespass conviction for decision regarding magistrate dismissal recommendation pursuant to principles decided in Heck v Humphrey.

16. That petitioner requested a stay of proceedings in matter of O'Neal v LDC et al supra while awaiting respondent's office disclosure of Minneapolis FBI fraud and corruption complaint investigation records. See, attached Exhibit F. CM/ECF O'Neal v LDC et al., 10-2517-JRT-JJK, Docket Entries, in support.

17.    That a representative from respondent's USDJ FOIA office told petitioner the agency had no record of his 08/28/2010 FOIA request on 12/15/2010 subsequently communicated by R. Wilson supra the same day at or about 01:13pm via telephone contact.

18.    That aforesaid 12/15/2010 communications made to petitioner that respondent USDJ office had no record of petitioner 08/28/2010 FOIA request supra was disingenuous based on 09/17/2010 request for submission of DOJ-136 identity verification made by R. Wilson office.

19.    That petitioner received no delivery failure notices for any email provided respondent USDJ supra sent to askdoj@usdoj.gov. and the U.S. Postal Service confirmed delivery of every express mail letter sent to the agency containing herein related FOIA correspondences.

20.    That petitioner is entitled to receive copy of all 2005 Minneapolis FBI office contact records, including 2005 and 2010 public accommodation and ADA civil rights complaint documents sought pursuant to (20) twenty day maximum time constraints subsequent to providing said identity verification as set forth under the federal FOIA.

21.    That nearly (5) four months have elapsed since petitioner sent respondent USDJ supra verification of his identity without receiving acknowledgment or disclosure of records sought under the FOIA.

1
2       22.    That Minnesota police and city government officials have
3   obstructed justice in multiple criminal and civil proceedings by
4   manufacturing public 911 and trial court conviction records resulting
5   in dismissal of multiple civil actions in denial of civil rights which
6   petitioner believes defendant USDJ seeks to conceal by denying records
7
    sought under the FOIA.
8
9       23.    Minnesota federal judge currently deliberates whether to
10  dismiss petitioner complaint filed in matter of O'Neal v LDC et al
11
    supra pursuant to principles decided in Heck proximately caused by
12
13  2005 Minnesota government employee acts involving arrest, detention,
14  and trespass conviction supra complained to Minneapolis FBI.
15
16      24.    Respondent USDJ supra unlawfully withholds 2005 Minneapolis
17  FBI, public accommodation and ADA accommodation denial complaint
18  records from petitioner contrary to disclosure requirements set forth
19  under the FOIA.
20
21
22
23
24
25
26
27
28

7

## V. RELIEF SOUGHT,

**WHEREFORE**, petitioner so pleads for order directing respondent USDJ supra compliance with federal FOIA requiring disclosure of herein related records withheld contrary to lawful provisions under identified statute together with court costs, attorney fees and fines wherever applicable.

**RESPECTFULLY SUBMITTED,**

BY:

WENDELL B. O'NEAL,
PT2NR, IN PRPRA PRSNA,
126 MILLS CREEK CROSSING,
MADISON, ALABAMA 35758

JANUARY 13, 2011.

8

_____

**UNITED STATES,**
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

WENDELL DWAYNE O'NEAL,
126 MILLS CREEK CROSSING,
MADISON, ALABAMA 35758,

Petitioner,

Vs.

U.S. JUSTICE DEPARTMENT,
ERIC HOLDER and JEANINE WORDEN,
950 PENNSYLVANIA AVE. NW, WASHINGTON D.C. 20530, and
MINNEAPOLIS FBI, 111 WASHINGTON AVENUE, STE. 1100 55450,

Respondents,

------------------------------------------------------

**MANDAMUS COMPLAINT,**
PURSUANT TO TITLE 28. USCA SECTS. 1361;
42. USC SECTS. 2000(a) ET SEQ. AND OR SECTS. 12188.

------------------------------------------------------

NOW COMES **Wendell Dwayne O'Neal, In propria persona,** hereinafter petitioner, complaining repondent USDJ Director Eric Holder, Jeanine Worden, and Minneapolis FBI for intentionally neglecting its duties to investigate complaints alleging Minnesota police and court officers criminal acts pursuant to criminal inquiry and to enforce civil rights providing for public ADA accommodations pursuant to an order directing compliance.

**I. JURISDICTION,**

1.  That herein honorable court has the requisite jurisdiction to grant reliefs sought by petitioner against defendants pursuant to Title 28. Sects. 1361. [Mandamus].



## II. VENUE,

2.  That all transaction of occurrences transpired at the Minneapolis, Minnesota F.B.I. office located at 111 Washington Avenue and the U.S. Department of Justice, located at 950 Pennsylvania Avenue N.W., Civil Rights Division, Disability Rights – NYAVE, Washington, DC. 20530.

### III. COUNT I.,
### MINNEAPOLIS F.B.I. FAILURE TO INVESTIGATE
### AND OR PROSECUTE LAW ENFORCEMENT, COURT OFFICERS,
### AND PUBLIC OFFICIAL FRAUD AND CORRUPTION COMPLAINTS,

3. Petitioner contacted respondent Minneapolis FBI office on or about 08/15/2005 complaining against St. Paul police arrest and detention in the Minnesota Ramsey county jail for over nine hours resulting in release with trespass conviction without appearance before a magistrate.

4.  An unknown Minneapolis FBI agent spoke with petitioner during aforesaid 08/15/2005 telephone call believed to have recorded information communicated.

5. Petitioner later contacted said Minneapolis F.B.I., hereinafter FBI, multiple times between 11/25/05 and 01/25/07 complaining that an unknown city of St. Paul, Minnesota employee manufactured a public 911 call record used to justify his 08/15/2005 arrest for alleged trespass at Radisson hotel.

6. That petitioner made multiple telephone contacts both via telephone and in person with said FBI office complaining against believed fraud and public corruption committed by herein identified St. Paul police and 2nd judicial district court officers between dates herein identified.

7. That petitioner complained to FBI that an unknown Minnesota 2nd judicial district court employee manufactured falsified journal entries in the matter of State v O'Neal, T5-05-19470, representing he made a 08:30 am arraignment appearance before judge George T. Stephenson where he entered a guilty plea to trespass complaint and was sentenced to a fifty dollar fine contrary to fact.

8. That federal magistrate Susan R. Nelson dismissed plaintiff federal lawsuit against city of St. Paul in matter of O'Neal v Y. Fang sic Vang, 05-2464-DSD-SRN, specifically, on account she believed petitioner was convicted of trespass on 08/15/2005 based on aforesaid manufactured journal entries supra known to FBI.

9. That Minnesota 2nd judicial district court judge George T. Stephenson denied plaintiff postconviction guilty plea withdrawal motion on 11/04/2005 recommended by magistrate Nelson supra without jurisdiction or authority under Minnesota law, specifically, on account the trespass offense was never charged on 08/15/2005 known to FBI.

10.   That St. Paul city attorney communicated to the Minnesota COA through assistant Jessica McConaughey petitioner was charged with said trespass offense on 08/15/2005 resulting in a guilty plea conviction contrary to her knowledge known to FBI.

11.   That the Minnesota COA affirmed said nonexistent 08/15/2005 trespass conviction against petitioner in a unpublished opinion based on said falsified district court journal entries supra, judge Stephenson's order denying postconviction motion supra, and McConaughey's misrepresentations known to FBI.

12.   That unknown Ramsey county sheriff and or executive department employee manufactured falsified custody records representing a sheriff' deputy escorted plaintiff to court before judge Stephenson on 08/15/2005 where he was charged with trespass and entered a guilty plea known to FBI.

13.   That unknown Ramsey county sheriff supra employee manufactured falsified property records representing petitioner received a $80.00 U.S. bank check subsequent to release from custody on 08/15/2005 to conceal theft alleged against St. Paul police officer Yileng Vang known to FBI.

14.   That Ramsey county executive employee presented the aforesaid falsified custody and property records to petitioner in response to

12

federal subpoena issued by the U.S. district court to obtain evidence in a federal lawsuit known to FBI.

15. That said FBI threatened to have petitioner arrested for trespass in 2007 subsequent to interview regarding aforesaid manufactured Ramsey county custody and property records which was reported to Minneapolis police who arrived outside 111 Washington Avenue subsequent to 911 call.

16. That petitioner complained to federal magistrate Mayeron that said FBI agent denied him access to said office by trespass threat resulting in next day telephone call from attorney Kyle Logan or other unidentified agent.

17. That city of St. Paul and Ramsey county attorney's office employees presentation of said Minnesota COA opinions affirming known nonexistent 08/15/2005 trespass conviction, falsified custody and property records, and contemptuous representations before the honorable magistrate Janie S. Mayeron resulted in dismissal recommendation against four separate a distinct civil rights complaints alleging discrimination inter alia known to FBI.

18. That clerk of federal court provided petitioner a federal subpoena issued to FBI agent Logan seeking disclosure of complaint and investigation records regarding acts complained against city of St. Paul, Ramsey county, and Minnesota police and court officers.

19.   That Logan did not comply with petitioner's subpoena directing production of records compiled involving complaints made against St. Paul and Ramsey county police officers or Minnesota court officers.

20.   That Title 28 Part II. Chap. 33 Sect. 535 provides for said FBI authority to investigate allegations of federal crimes committed by state and or federal government employees and to prosecute where able to obtain admissible evidence.

21. That said FBI agents office was required to notice respondent USDJ Attorney General Holder's office regarding complaints received from petitioner regarding Minnesota government employee and or officials acts pursuant to requirements delineated under Title 28 supra Sects. 535.

22. That petitioner is entitled to complain to said FBI against Minnesota police and court officer employees for manufacturing fraudulent public 911 and court records and corruption incident to manufactured 08/15/2005 trespass criminal conviction.

23.   That Title 28. USC. Sects 1361. provides for judicial inquiry and order of mandamus directing said FBI to investigate petitioner's complaints alleging Minnesota government agents and officials committed fraud and engaged in corruption in said 08/15/2005 criminal trespass process involving his arrest, detention, and release without

1 court appearance resulting in conviction.

2

3 **IV. COUNT II.,**
**USDJ, ERIC HOLDER and JEANINE WORDEN**
4 **FAILURE TO INVESTIGATE AND OR PROSECUTE ADA PUBLIC ACCOMMODATION**
**DISCRIMINATION COMPLAINTS,**
5

6 24. That Title 42. USC Sects. 12188 Chapter 126 Subchapter III

7 provides Sect. 12188 which, in relevant part, requires respondent USDJ

8 to investigate and enforce all complaints alleging denial of rights to

9 public accommodations. Title 42. USC Sects. 12188 et seq.

10

11 25. That respondent Jeanine Worden provided petitioner a

12 06/04/2010 letter noticing respondent USDJ civil rights division

13 "determined that we shall not initiate an investigation into your

14 [03/05/2010] [ADA] complaint because, absent exceptional

15 circumstances, this office does not intervene in litigation in state

16 or local courts and does not review judicial decisions of such courts

17 or local courts and does not review judicial decisions of such courts

18 in individual matters". See, attached Exhibit A. 08/26/2010 PP. 1.

19 Worden ADA Complaint Response Letter, in support.

20

21 26. That petitioner 03/05/2010 ADA complaint alleged Minnesota 2nd

22 judicial district court employees manufactured pretrial proceeding

23 records misrepresenting he appeared before judge George T. Stephenson

24 for arraignment on a petty misdemeanor trespass complaint and entered

25 a guilty plea resulting in sentence to a $50.00 fifty dollar fine on

26 08/15/2005 contrary to fact. See, attached Exhibit B. 03/03/2010 PP.

27 1-4. Petitioner ADA Discrimination Complaint to Defendant USDJ, in

28

support.

27.   Petitioner's aforesaid complaint alleged 2rd judicial district court employee fraud and judicial corruption in denial of state court public accommodation opposed to any judicial decision believed presenting an "exceptional circumstance warranting investigation by respondent USDJ civil rights division and its Minneapolis FBI.

28.   Respondent USDJ, Worden, and Minneapolis FBI are all jointly liable for failure to enforce petitioner's civil rights to have appeared before a magistrate subsequent to 08/15/2005 arrest by St. Paul, Minnesota police rather than just being detained and released with a trespass criminal conviction and fifty dollar fine.   42. USC Sects. 2000a.

29.   Petitioner was designated mental ill at all times relevant to herein complaint including 08/15/2005 arrest and detention by St. Paul police and judge George T. Stephenson finding him guilty of a trespass offense without appearance for arraignment on criminal complaint, guilty plea or sentencing and, therefore, was entitled to investigation by respondents.   42. USC. Sect. 2000a.

30.   Petitioner made multiple complaints with Minneapolis FBI and respondent USDJ between 2005 and 2010 without investigation and or enforcement of his civil rights to Minnesota city or county jail or state court public accommodations beginning with opportunity to post

bail for release in lieu of nine hour detention for alleged misdemeanor trespass offense. 42. USC. Sect. 2000a.

31. Minnesota denied petitioner's civil rights to appointment of counsel to appeal the falsified 08/15/2005 trespass conviction resulting in court of appeals affirming contrary to subsequent supreme court decision that he was entitled to representation on appeal supra as held in matter of <u>Deegan</u> v <u>State</u>, 711 N.W.2d. 89,98 (Minn. 2006). U.S. Const. Am. VI.; XIV.; Minn. Const. Art. 1. & 6.; 42. USC. Sect. 2000a.

32. Minnesota multiple administrative and judicial ADA public accommodation denials further denied petitioner's civil rights for redress against 08/15/2005 unlawful misdemeanor trespass arrest, detention, and denied access to court pursuant to principles decided in <u>Heck</u> resulting in dismissal of multiple civil actions. U.S. Const. Am. XIV.

33. Minneapolis FBI, respondent USDJ Holder and Worden are the proximate causes for all monetary damages and social injuries sustained petitioner incident and consequential to failure to investigate and or enforce civil rights to Minnesota administrative and state court public accommodations herein complained. U.S. Const. A. XIV.; 42. USC. 2000a -3(a); 42. USC. Sect. 12188. Enforcement.

34.    Petitioner is entitled to inquiry by herein honorable court pursuant to issuance of a writ of mandamus directing respondents FBI, Holder, and Worden to investigate and prosecute his Minnesota government employees fraud, public corruption and denied ADA accommodation complaints presented between 2005 and 2010 as relief sought accordingly.  42. USC. Sects. 136. Mandamus

### V. RELIEF SOUGHT,

**WHEREFORE**, petitioner respectfully prays for judicial inquiry into herein matters complained against respondent federal agency and employees pursuant towards order directing respondents compliance with herein cited federal authority providing for investigation, prosecution and or enforcement of federal laws prohibiting Minnesota government employee fraud, corruption and or contempt before judicial tribunals and or laws of the U.S. in observance of his civil rights by issuing order of mandamus together with any other relief deemed necessary under herein circumstances, including costs, fees, and punitive damage awards.

**RESPECTFULLY SUBMITTED,**

BY: _____

WENDELL D. O'NEAL,
PT2NR. IN PRPRA. PRSNA.,
126 MILLS CREEK CROSSING,
MADISON, ALABAMA 35758,
TX. 256-457-3596,
spirit.999@live.com.

JANUARY 13, 2011

18